UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JENNIFER SOBER,

        Plaintiff,

                                          Case Number 08-11522-BC
v.                                          Honorable Thomas L. Ludington

SOARING EAGLE CASINO AND RESORT,

        Defendant.
_____/

## ORDER LIFTING STAY, GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

On April 8, 2008, Plaintiff Jennifer Sober ("Plaintiff") filed a complaint alleging employment and civil rights actions against her former employer, Defendant Soaring Eagle Casino and Resort ("Defendant"). Defendant is wholly owned and operated by the Saginaw Chippewa Indian Tribe of Michigan ("Saginaw Chippewa"). Plaintiff alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the Civil Rights Act of 1964, 42 U.S.C. § 1981.

On September 12, 2008, the Court abstained from addressing Plaintiff's complaint because Plaintiff had yet to exhaust her remedies before the tribal court. [Dkt. # 9]. At a July 13, 2009 status conference, the parties indicated that the tribal court had ruled in favor of Defendant, concluding that Defendant had not waived sovereign immunity. Subsequently, Plaintiff filed a motion for summary judgment on the issue of sovereign immunity in this Court, arguing that the tribal court erroneously found in Defendant's favor when it concluded that "nothing in the Tribal Constitution nor the FMLA as adopted by the Tribe waives the right to sovereign immunity." [Dkt. # 13 at 6].

The motion contends that, notwithstanding the tribal court's decision to the contrary, this court should exercise jurisdiction over the tribe and provide a forum for Plaintiff's employment discrimination claims. In addition to its response to Plaintiff's motion for summary judgment [Dkt. # 15], Defendant has filed a second motion to dismiss [Dkt. # 14], arguing Plaintiff's complaint should be dismissed for failure to exhaust tribal court remedies. Because Defendant is correct that exhaustion of tribal claims—including direct appeals—is required, Defendant's motion to dismiss will be **GRANTED**, Plaintiff's motion for summary judgment will be **DISMISSED**, and the complaint will be **DISMISSED WITH PREJUDICE**.

The U.S. Supreme Court has "repeatedly recognized the Federal Government's longstanding policy of encouraging tribal self-government." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987) (citations omitted). As a part of that policy, "an Indian tribe is subject to suit only where congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Tech., Inc.*, 523 U.S. 751, 754 (1998). Tribes maintain immunity regardless of whether the activity in question took place on or off the reservation, *Id.* (citing *Puyallup Tribe, Inc. v. Dept. of Game*, 433 U.S. 165, 167 (1977)), or whether it was governmental or commercial in nature, *Kiowa Tribe of Okla.*, 523 U.S. at 754–55 (citing *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505 (1991)).

The policy of promoting tribal self government also extends to the tribes' judicial systems. *LaPlante*, 480 U.S. at 14–15. Indeed, "[t]ribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development." *Id.* (citation omitted). Accordingly, if a tribal court's jurisdiction is challenged, it should have the "first opportunity to evaluate the factual and legal bases for the challenge." *Nat. Farmers Union Ins. Co. v. Crow Tribe*

*of Indians*, 471 U.S. 845, 856 (1985). Furthermore, development of a "full record" in tribal court "before either the merits or any question concerning appropriate relief is addressed" serves the "orderly administration of justice in the federal court." *Id.* A federal district court must "stay its hand until after the [t]ribal [c]ourt has had a full opportunity to determine its own jurisdiction and to rectify any errors it may have made." *Id.* at 857.

The exhaustion requirement also encompasses the initial question of whether the tribe may be sued, or whether it is immune from suit pursuant to the doctrine of tribal immunity. *See Sharber v. Spirit Mountain Gaming Inc.*, 343 F.3d 974, 976 (9th Cir. 2003) ("Nor did the district court err in concluding that the tribal exhaustion requirement also applies to issues of tribal sovereign immunity."). If a litigant receives an unfavorable ruling on the question of sovereign immunity in the tribal court, the litigant must pursue tribal appellate remedies before seeking review of the tribal court's decision in a federal district court. *LaPlante*, 480 U.S. at 978 (noting that a federal district court may review a tribal court's determination of its own jurisdiction only after the tribal appellate court has affirmed the lower court ruling); *see also Kerr-McGee Corp. v. Farley*, 115 F.3d 1498 (10th Cir. 1997) (holding that the exhaustion requirement includes exhaustion of tribal appellate remedies).

This Court issued an order on September 12, 2008 staying this case and directing Plaintiff to exhaust her remedies in tribal court before returning to this Court [Dkt. # 9]. Plaintiff responded by filing a pro se complaint in tribal court alleging "VIOLATION FMLA (DISCHARGED FROM EMPLOYMENT)" without any further explanation or argument. *See* Def.'s Mot. to Dismiss, Ex. 1; [Dkt. # 14]. After Plaintiff's attorney made an appearance and argued the issue of sovereign immunity, the tribal court dismissed the complaint, finding that the tribe was immune from suit.

Defendant did not appeal to the tribal appellate court. An appeal to the tribal appellate court was required to fulfill the exhaustion requirement. *Iowa Mut. Ins. Co.*, 480 U.S. at 978. Consequently, Plaintiff's claim in this court must also be dismissed with prejudice.

It is worth noting that even if Plaintiff had exhausted her remedies in tribal court, absent an express waiver, the doctrine of tribal immunity also provides a powerful defense for Native American tribes in federal court. Subject to a limited set of exceptions, the doctrine protects tribes like the Saginaw Chippewa from civil suits in federal district courts no matter how compelling the plaintiff's claims may be. *See Nat. Farmers Union*, 471 U.S. at 857 n.21. The result is that some wrongs have no remedy in this Court, which in turn has led to questions about the policy. As the Supreme Court has said:

> There are reasons to doubt the wisdom of perpetuating the doctrine. At one time, the doctrine of tribal immunity from suit might have been thought necessary to protect nascent tribal governments from encroachments by States. In our interdependent and mobile society, however, tribal immunity extends beyond what is needed to safeguard tribal self-governance. This is evident when tribes take part in the Nation's commerce. Tribal enterprises now include ski resorts, gambling, and sales of cigarettes to non-Indians. [Citations omitted]. In this economic context, immunity can harm those who are unaware that they are dealing with a tribe, who do not know of tribal immunity, or who have no choice in the matter, as in the case of tort victims.

*Kiowa Tribe of Okla.*, 523 U.S. at 758. Still, any remedy for the sometimes-harsh results that tribal immunity mandates lies with Congress, not the courts. The U.S. Congress retains the constitutional authority to abrogate tribal immunity from federal statutory claims, like those involved in this case, and judicial deference is appropriate. *Id.* at 759–60.

Accordingly, it is **ORDERED** that the stay ordered on September 12, 2008 [Dkt. # 9] is **LIFTED**.

It is further **ORDERED** Plaintiff's motion for summary judgment is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's second motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 9, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 9, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS